CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2015 APR 16   AM 10: 50

DEPUTY CLERK _____

UNITED STATES OF AMERICA

v.

JOEL THOMAS NAPPER
d/b/a AGWEST INSURANCE AGENCY

No. **5 - 15 C R 0 0 2 8 - C**

## INFORMATION

The United States Attorney Charges:

## I. **INTRODUCTION**

At all times pertinent to this Information:

### A.    **The Federal Crop Insurance Program**

1.    The United States Department of Agriculture (USDA) is a department of the United States established to support agricultural production.

2.    The Federal Crop Insurance Corporation (FCIC) is an agency of the USDA created for the purpose of providing federal crop insurance to policy holders who are usually farmers.

3.    The Risk Management Agency (RMA) is an agency of the United States created by the USDA to operate and manage the FCIC, and to administer the Federal Crop Insurance Program in conjunction with private insurance companies which are

contracted to sell, service, and settle claims against crop insurance policies.

4.      The private insurance companies are known as Approved Insurance Providers (AIP).

5.      Federal crop insurance is obtained by the policy holder through an approved sales agent of an AIP.

6.      A policy holder submits to a sales agent an application for federal crop insurance before a sales close date and before a crop is planted.  The sales agent is responsible for obtaining policy specific information from the policy holder regarding the crop to be insured.

7.      To participate in the Federal Crop Insurance Program and to be covered for insurance by an AIP, a policy holder is required to submit an approved and signed Acreage Report (AR) form by a specific acreage reporting date.  Those ARs establish the premium for the policy holder.

8.      After the crop is planted, the policy holder reports to the sales agent on an approved AR the number of acres which were planted.

9.      In order for a cotton crop in the Lamesa, Texas, area to be covered by federal crop insurance, the sales agent must obtain the signature of the policy holder on the AR by July 15, so it can then be provided to the AIP.

10.     The sales agent then submits the information from the AR to the AIP, using the AIP required electronic "e-harvest" software.  Once the information from the AR is

transmitted to the AIP, the information is used to determine the crop insurance premium to be paid by the policy holder, the benefits of the crop insurance to which the policy holder is entitled, and the commissions to be paid to the sales agent.

11.     A policy holder seeking to file an insurance claim for damage to their crop must file a Notice of Loss with their respective sales agent at the time of loss.  The Notice of Loss identifies the crop which was lost, the cause of loss and/or damage, the date of loss and/or damage, and the location and total acreage of the damaged crop.  Other additional documentation may also be required to substantiate the insurance claim.

12.     The loss paid on a crop insurance policy is calculated by the AIP and paid to the policy holder.  According to the Standard Reinsurance Agreement (SRA), the AIP will then be reimbursed by FCIC funds.

13.     The SRA is a contract between RMA and the AIP which outlines the FCIC procedures and terms to be followed by AIPs pertaining to the crop insurance policies they sell and service.

**B.      The Approved Insurance Provider (AIP) Companies**

14.     Hudson Insurance Group (Hudson) is an AIP, which enters into a SRA with the RMA.  The SRA applies to Hudson and RMA and is completed annually.

15.     Licensed sales agents are employees of Hudson contracted to sell and service the crop insurance policies sold by Hudson.

C. **Defendant JOEL THOMAS NAPPER (Napper)**

16.     Defendant **Joel Thomas Napper** (**Napper**) is a resident of Lamesa, Texas, located in the Northern District of Texas, Lubbock Division.

17.     **Napper** is an insurance agent, d/b/a AGWEST INSURANCE AGENCY, also located in Lamesa, Texas.  **Napper** and his business sold crop insurance to policy holders in the area.

18.     **Napper** was an employee of Hudson licensed to sell federal crop insurance on Hudson's behalf.

19.     **Napper** falsely, fictitiously, and fraudulently represented to FCIC and Hudson that the policy holders had timely reported and signed ARs before the AR due date.  **Napper** forged the signatures and dates of the policy holders on the ARs, when, in fact, the policy holders had not signed the ARs to obtain the federal crop insurance coverage.  **Napper** transmitted the false information to Hudson and caused Hudson to initiate the sales commissions paid to AGWEST INSURANCE AGENCY.

Count One
## False Statements to the Department of Agriculture Federal Crop Insurance Corporation and Aiding and Abetting
### (Violation of 18 U.S.C. §§ 1014 and 2)

1.      The United States Attorney realleges all of the allegations contained in the Introduction of this Information.

2.      From on or about July 23, 2013, to on or about August 26, 2013, in the Lubbock Division of the Northern District of Texas, and elsewhere, defendant, **Joel Thomas Napper d/b/a AGWEST INSURANCE AGENCY (Napper)**, in a matter within the jurisdiction, custody, and control of a department of the United States, the United States Department of Agriculture (USDA), and the Federal Crop Insurance Corporation (FCIC), an agency of the USDA, created for the purpose of providing federal crop insurance to policy holders who are usually farmers, said matters administered and managed by The Risk Management Agency (RMA), did knowingly, willfully, and unlawfully, make, and cause to be made, false, fictitious, and fraudulent statements and representations as to material facts to the FCIC and the RMA, by submitting false Acreage Reports (ARs) on behalf of his policy holder clients, falsely representing that the policy holders had timely signed the ARs to enable them to qualify for the Federal Crop Insurance Program and receive federal crop insurance coverage, when in truth and in fact, as **Napper**, then and there well knew, the ARs were not timely signed and **Napper** forged them on behalf of his policy holder clients.

In violation of Title 18, United States Code, Sections 1014 and 2.


JOHN R. PARKER
ACTING UNITED STATES ATTORNEY


_____

PAULINA M. JACOBO
Assistant United States Attorney
Texas State Bar No. 10516700
1205 Texas Avenue, Suite 700
Lubbock, Texas  79401
Telephone:    806-472-7351
Facsimile:    806-472-7394
Email: paulina.jacobo@usdoj.gov